UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVONNA MATHIS,

        Plaintiff,                    Hon. Janet T. Neff

v.                                        Case No. 1:20-CV-713

UNITED STATES ATTORNEY
GENERAL,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff initiated this action on July 31, 2020, against the United States Attorney General. (ECF No. 1). Because Plaintiff was permitted to proceed as a pauper, the Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it was frivolous, malicious, or failed to state a claim upon which relief can be granted. On August 11, 2020, the undersigned recommended that Plaintiff's complaint be dismissed for failure to state a claim. (ECF No. 6). Plaintiff thereafter submitted an amended complaint. (ECF No. 10). For the reasons articulated herein, the undersigned recommends that Plaintiff's amended complaint likewise be dismissed for failure to state a claim.

      A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Court need not accept as

true, however, factual allegations that are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

Plaintiff's two-page amended complaint consists of a list of the various rights that Defendant allegedly violated. Plaintiff has failed, however, to assert any facts

2

concerning these alleged violations. Because Plaintiff has failed to allege any facts which, if proven, would entitle her to relief, dismissal is appropriate.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's amended complaint (ECF No. 10) be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: September 15, 2020

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge